IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Melvin Plowden, ) | C/A No. 4:10-319-JFA-TER |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | ORDER |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

On July 18, 2011, this court reversed the Commissioner's final decision and remanded this case to the Commissioner for further administrative proceedings. Counsel for the plaintiff, Osborne Eugene Powell, Jr., has now moved for attorney's fees and costs under the Equal Access to Justice Act (EAJA) , 28 U.S.C. § 2412(d). He suggests that the plaintiff is the prevailing party in this action for social security benefits and that the position of the Commissioner was not substantially justified.

The Magistrate Judge to whom this matter was referred filed a Report and Recommendation suggesting that the case be remanded to the Commissioner for further proceedings to the Administrative Law Judge who failed to explain his assessment of plaintiff's treating physician's opinions. Significantly, the Commissioner did not object to the Report, which was adopted as the order of this court. In his response to the motion for fees, the Commissioner concedes that the ALJ did not explicitly discuss the opinions of a number of physicians. Consequently, the Commissioner did not object to the Magistrate Judge's opinion.

1

The Commissioner now argues that even though he was unsuccessful on the merits, his position was nevertheless substantially justified. He correctly points out that the substantial justification test is one of reasonableness in law and fact and that his argument, though ultimately unpersuasive to this court, was reasonable in this case. He also points out that the test for substantial evidence under the Social Security Act is not the same as the test for substantial justification under the EAJA.

Under the EAJA, a court shall award reasonable attorney's fees to a prevailing party[1] in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A) (2010). The government has the burden of proving that its position was substantially justified. *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). "The government's position must be substantially justified in both fact and law." *Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir.1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotations omitted). While "the substantially justified standard is not 'a high standard' requiring 'a strong showing,' "the standard requires that the government must do more than merely avoid frivolity for it to escape liability for fees under the Act." *Evans v. Sullivan*, 928 F.2d 109, 111 (4th Cir. 1991) (citing *Pierce*, 487 U.S. at 565–66).

---

[1] A party who wins remand pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g), is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 300–302 (1993).

When determining whether the Commissioner's position was substantially justified, the court should avoid an issue-by-issue analysis and should consider the totality of the circumstances. *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 138-39 (4th Cir. 1993).

The district court has broad discretion to set the attorney fee amount. "[A] district court will always retain substantial discretion in fixing the amount of an EAJA award. Exorbitant, unfounded, or procedurally defective fee applications ... are matters that the district court can recognize and discount*." Hyatt v. North Carolina Dep't of Human Res.*, 315 F.3d 239, 254 (4th Cir. 2002) (*citing Comm'r v. Jean,* 496 U.S. 154, 163 (1990)).

Moreover, the could should not only consider the "position taken by the United States in the civil action," but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by P.L. 99-80, § 2(c)(2)(B).

Applying this standard to the facts of this case, the court has concluded that the position of the Commissioner was not substantially justified. Indeed, the Commissioner did not object to the Report and Recommendation which was filed by the Magistrate Judge and was incorporated as an order of this court. Therefore, after a thorough review of the record in this case, the court determines that a proper showing has been made under EAJA and that the fee sought should be approved by this court.

The only remaining issue in this case is the appropriate hourly rate to award plaintiff's counsel. Counsel seeks an hourly rate in excess of $125 per hour to adjust for an increase in the cost of living allowance (COLA). Specifically, he seeks an award of $176.80 per hour. Counsel's explanation of how he arrived at this hourly figure is set out in his motion for

attorney's fees and as follows:

> The attorney for the plaintiff determined the hourly rate of $125 by dividing the average CPI-U for January 2011 (220.223) by the average CPI-U for March 1996 (152.0), the month of the re-enactment of the EAJA. The result of 141.44 is then multiplied by the base hourly rate of $125 to obtain the hourly rate of $176.80.

The Commissioner has made no response to the plaintiff's calculation of the hourly rate and the court finds such calculation reasonable.

Based on the foregoing and after consideration of the briefs and affidavit submitted, the court overrules the Commissioner's objection to the plaintiff's motion for attorney's fees. It is therefore ordered that the plaintiff is awarded attorney's fees of $7,266.48 (representing 41.0 attorney hours at $176.80 per hour), and $350 reimbursement for costs,[2] for a total award of $7,616.48.[3]

In the event that past due benefits are awarded on remand, the plaintiff shall have 60 days after being served with notice of the past due benefits to file for fees under 42 U.S.C. § 406(b). If plaintiff demonstrates entitlement to a fee under this provision, counsel will be required to refund to the plaintiff the amount of the smaller of the two fees.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

September 14, 2011
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[2] Costs are paid from the Judgment Fund, rather than from agency funds. *See* 28 U.S.C. §§ 2412(c), 2444.

[3] The fees must be paid to plaintiff. *See Astrue v. Ratliff*, 505 U.S. ___, No. 08-1322, slip op. at 1 (June 14, 2010) (holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); *see also Stephens v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009) (same).